

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

NOV 28 2016

ARTHUR JOHNSTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DISTRICT

Roddrick J. Johnson Sr.                                    PLAINTIFF

vs.                          CIVIL ACTION NO. 1:16cv423 HSO-JCG

                                          Jury Trial Demanded

Megan J. Brennan, Postmaster General                  DEFENDANT(S)
United States Postal Service,
Southern Area

Mark Dimondstein, President                           DEFENDANT(S)
American Postal Workers Union, AFL-CIO

## COMPLAINT

COMES NOW, PLAINTIFF, Roddrick J. Johnson Sr. pro se, and for cause of action against the defendant(s), Megan J. Brennan, Postmaster General, United States Postal Service. Mark Dimondstein. President, American Postal Workers Union, would state: This is an employment-related action of the Plaintiff's civil rights by his federal employer , the United States Postal Service, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"). The employer engaged in reprisal and racial and sex discrimination unlawful employment discrimination in violation of Title VII by engaging in racial and sex discrimination of the Plaintiff and for his participation in protected activities, causing a loss in employment benefits. The Plaintiff filed an EEO complaint for sex discrimination within the grievance process, as a punishment for the filing of the EEO complaint, the Plaintiff suffered reprisal, including denial of his employment rights to the Postal Service rules and regulations. The Plaintiff received a grievance settlement on different terms than that of another employee white female co-worker with the same or similar grievance. The employer violated Section 8(d) of the National Labor Relations Act, 1935, with a unilateral change to terms and conditions of employment when the Plaintiff's off-days were change causing a loss in employment benefits.

## JURISDICTION

1.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, Title VII, and related sections applicable as the United States and/or its agencies are a named defendant to the action.

·2.      The unlawful employment practices alleged below were committed by Labor Relations of the United States Postal Service Southern Area, which is a part of the United States Postal Service. The claim arise from an event in Gulfport Processing and Distribution Facility of the United States Postal Service in Gulfport, Mississippi. Accordingly, venue lies in the United States District Court for the Southern District of Mississippi under 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 2000e-3(a).

### I.

Plaintiff is an adult resident citizen of the County of Harrison, State of Mississippi. The defendant, Megan J. Brennan is the Postmaster General of the United States Postal Service is an adult citizen of the District of Columbia, of Washington DC. The defendant, Mark Dimondstein is the President of the American Postal Workers Union is a citizen of the District of Columbia, of Washington, DC.

## Facts

The Plaintiff has been employed full time by the United States Postal Service for approximately 2 years and has worked as a Mail Processing Clerk and Data Collection Technician .

While working as a Postal Support Employee, Mail Processing Clerk, Plaintiff was converted/hired to career status on August 23, 2014, and denied his rights to the job position until January 10, 2015.

As a result of the denial to the conversion position, Plaintiffs Local Union filed an out-of-schedule grievance against the Agency for violation of the Collective Bargaining Agreement.

At Step-2, on September 14, 2015, Plaintiff filed an EEO complaint for sex discrimination within the grievance process. Agency subtract 28 days from Plaintiffs grievance stating he could be held in a non-career position for 28 days; however , no other employees converted before, with or after Plaintiffs conversion were held for 28 days as a non-career employee.

The out-of-schedule grievance was denied at Step-2 on September 22, 2015, and appeal to Step-3, on October 1, 2015, for processing.

At Step-3 of the appeal the United States Postal Service management was unable to subtract 28 days because Plaintiff had been converted to career; however, in reprisal the United States Postal Service, Labor Relations, Joseph Pegues Jr., and the American Postal Workers Union, Jerry Mcilvain, applied articles from the Collective Bargaining Agreement not applicable to Plaintiff's grievance. In retaliation for the Plaintiff's lawful filing of an EEO Sex discrimination the USPS, Labor Relations Joseph Pegues Jr., and APWU, Jerry Mcilvain, subtracted 20 days from the Plaintiff's grievance as a punishment for the filing of an EEO sex discrimination charge inside of the grievance process against the United States Postal Service, and the filing of a National Labor Relation Board charge against the Local American Postal Workers Union, for allowing Plaintiffs grievance to remain at Step-2 of the grievance process for over a year with no actions taken.

The Plaintiffs grievance was settled on November 6, 2015, with the United States Postal Service Labor Relations, Joseph Pegues Jr., applying wrong provisions and rules governing the Plaintiffs grievance as a punishment for Plaintiffs participating in an EEO process and NLRB activities.

The sole reason the wrong provisions and rules were applied was to penalize the Plaintiff for his lawful protected conduct of filing a sex discrimination charge against the Agency.

On February 9, 2016, the Plaintiff learned that another employee white female coworker with the same grievance as filed by the Plaintiff black male was settled on different terms on January 14, 2016.

On April 6, 2016, Plaintiff was presented with documents of the employer making a unilateral change to terms and conditions of employment to his job position by the Agency.

Plaintiff has suffered emotional and physical stress because of the unlawful treatment he received for engaging in protected activity and race and sex discrimination.

Plaintiff has suffered economic losses by the agency's failure to pay employment benefits.

The retaliatory and race and sex discrimination conduct of the Employer constitutes unlawful employment discrimination and specifically violates Title VII of the Civil Rights Act of 1964, as amended. Equal Employment Opportunity (EEO) laws prohibits retaliation and related conduct.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Plaintiff timely file for Pre-Complaint Counseling, Formal Complaint, and Equal Employment Opportunity Appeal, thereafter, timely exhausted the requisite administrative remedies before the Equal Employment Opportunity Commission prior to timely filing this action.

The EEOC issued a right to sue letter on September 1, 2016 and it was received 90 days or less before this filing.

The Plaintiff has performed all conditions precedent, if any, required for the filing and pursuit of a claim for judicial relief under Title VII and its related regulations.

3

## RELIEF

The Plaintiff is entitled to relief under Title VII for his Employer's unlawful discriminatory conduct and retaliation, including but not limited to for the Employer's reprisal and racial and sex discrimination of the Plaintiff and for engaging in protected activities.

Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendants and direct the following relief:

a. For a money judgment representing non-pecuniary compensatory damages, in violation of the Civil Rights Act, 1991;

b. For a money judgment representing punitive damages for the Defendants willful violations of Title VII, and any related statutes, regulations and rights;

c. That the Court retain jurisdiction over this action until the Defendants has fully complied with Orders of this Court and that the Court require Defendants to file such reports as may be necessary to supervise such compliance;

d. For costs of suit, including an award of reasonable attorneys' fees; and further relief as may be just and proper.

## JURY DEMAND

The Plaintiff herein hereby demands a trial by jury on all issues in this action.

**WHEREFORE,** the Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendants.

Respectfully submitted, this the 28th day of November, 2016.

Roddrick J. Johnson Sr.

Roddrick J. Johnson Sr.
1200 Mill Road Apt 321
Gulfport, MS. 39507
(337) 442-3311